IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENE O. HALE, et al. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| AWF TRUCKING, INC. | : | |
| | : | NO. 04-CV-302 |
| v. | : | |
| | : | |
| LEHIGH VALLEY HOSPITAL | : | |
| AND HEALTH NETWORK, et al. | : | |

**SURRICK, J.**                                                                                                      **DECEMBER 12, 2005**

**MEMORANDUM & ORDER**

Presently before the Court is the Motion To Dismiss filed by Third Party Defendants Lehigh Valley Hospital and Health Network ("LVHHN") and Steven J. Thomas, M.D. (Doc. No. 23) and Third Party Defendant Peter F. Rovito, M.D.'s Joinder To Co-Third Party Defendants' Motion To Dismiss (Doc. No. 28). For the following reasons, Third Party Defendants' Motion will be granted.

**I.   BACKGROUND**

On April 6, 2002, Michael Brown was driving behind a tractor trailer, owned by Defendant AWF Trucking, Inc. ("AWF") and operated by AWF employee Walter P. Almeida, near Perryville, New Jersey. (Pls.' Compl., Doc. No. 1 ¶ 9; Answer of Defs., Doc. No. 4 at 2.) A drive shaft disconnected from the AWF tractor trailer and struck Brown's vehicle. (Doc. No. 1 ¶ 10; Doc. No. 4 at 2.) According to Plaintiffs, the drive shaft caused two of the tires on Brown's vehicle to blow out. (Doc. No. 1 ¶ 11.) Plaintiffs allege that Brown suffered a right inguinal hernia in the accident. AWF denies that the hernia or any of Brown's other injuries were caused by the accident. (Doc. No. 1 ¶¶ 11-12; Doc. No. 4 at 2.) After the accident, Brown received

treatment for his injuries.  (Doc. No. 1 ¶ 12.)  On January 31, 2003, Brown underwent surgery at Lehigh Valley Hospital to repair a hernia.  (*Id.* ¶ 13.)  Plaintiffs aver that Brown experienced complications following the surgery and died on March 1, 2003.  (*Id.*)

On January 22, 2004, in their capacity as co-administrators of Brown's estate, Plaintiffs brought a diversity action against AWF and Almeida.[1]  (Doc. No. 1.)  Plaintiffs raised claims under Pennsylvania's Wrongful Death and Survival Statutes, 42 Pa. Cons. Stat. §§ 8301, 8302. (*Id.*)  On October 4, 2004, AWF moved for leave to join LVHHN and Drs. Thomas and Rovito as third party defendants in this matter pursuant to Federal Rule of Civil Procedure 14.  (Doc. No. 12.)  Leave was granted and AWF filed a Third Party Complaint against LVHHN and Drs. Thomas and Rovito (collectively, "Third Party Defendants"), alleging that the negligence of Third Party Defendants during and after Brown's hernia surgery at Lehigh Valley Hospital caused Brown to suffer physical injuries, and ultimately caused Brown's death.  (Doc. No. 15.) Third Party Defendants have filed the instant Motion to dismiss AWF's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.   LEGAL STANDARD**

Federal Rule 12(b)(6) allows a court to dismiss a complaint for failure to state a claim. The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or to decide the merits of the case.  *NWJ Prop. Mgmt., LLC v. BACC Builders, Inc.*, No. 04-1943, 2004 WL 2095446, at *1 (E.D. Pa. Sept.17, 2004); *Tracinda Corp. v. DaimlerChrysler AG*, 197 F. Supp. 2d 42, 53 (D. Del. 2002).  In evaluating a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn

---

[1] On August 24, 2005, we dismissed Plaintiffs' action against Almeida without prejudice.

therefrom must be accepted as true and viewed in the light most favorable to the nonmoving party. *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989) (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir.1985)). The court may dismiss a complaint "'only if it is certain that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swin Res. Sys., Inc. v. Lycoming County*, 883 F.2d 245, 247 (3d Cir. 1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

Impleader under Federal Rule of Civil Procedure 14(a) is procedural in nature and does not in itself create a right to indemnity or contribution. *Foulke v. Dugan*, 212 F.R.D. 265, 269 (E.D. Pa. 2002). Thus, "a third-party action is proper only when a right to relief exists under the applicable substantive law." *Id.* at 269-70. AWF alleges that Third Party Defendants are solely liable, jointly and severally liable, and/or liable to AWF by way of contribution and/or indemnification. (Doc. No. 15 at 8.) Third Party Defendants argue that AWF has failed to state a claim under any of these theories for which relief can be granted. We address each of these claims in turn.[2]

### A.  Indemnification

Third Party Defendants contend that because there is no legal relationship between them and AWF, there is no basis for AWF's claim of indemnification. (Doc. No. 23 at 8.) The Supreme Court of Pennsylvania has outlined the right to indemnification:

> The right of indemnity rests upon a difference between the primary and secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own

---

[2] The parties agree that Pennsylvania law applies.

3

part, has been compelled, by reasons of some legal obligation, to pay damages occasioned by the initial negligence of another and for which he himself is only secondarily liable.

*Builders Supply Co. v. McCabe*, 77 A.2d 368, 370 (Pa. 1951), *quoted in Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1236 (Pa. 1983). That court has further explained that indemnification "is a fault shifting mechanism, operable only when a defendant who has been liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the accident which occasioned the loss." *Walton v. Avco Corp.*, 610 A.2d 454, 460 (Pa. 1992) (internal quotations omitted); *see also Morris v. Lenihan*, 192 F.R.D. 484, 489 (E.D. Pa. 2000) ("[A] defendant is entitled to indemnification when its liability arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party.") AWF has no legal obligation to Third Party Defendants which would require AWF to pay damages to Plaintiffs on account of Third Party Defendants' negligence. This is in contrast to the kinds of relationships that *Builders Supply* recognized as giving rise to a right to indemnity, for example the relation of employer and employee, or the relationship of principal and agent. *See Builders Supply*, 77 A.2d at 370.

The case of *Kemper National P&C Cos. v. Smith*, 615 A.2d 372 (Pa. Super. 1992), is illustrative. In *Kemper*, the victim of a motor vehicle accident sued the other party involved in the accident. The latter's insurance company, in turn, sued the physicians who treated the victim of the car accident, as well as the healthcare center where the physicians had treated the victim, seeking indemnification. *Id.* at 373-74. Citing *Builders Supply* and *Walton*, the *Kemper* court held that the insurers were not entitled to indemnity because the insurers had no legal obligation to pay the victim on account of the purported negligence of the medical providers. *Id.* at 376.

4

Moreover, the court determined that the insurers were not entitled to indemnification "if the injuries were the result of [defendants'] active or primary negligence," because "defendants who are actively negligent, as opposed to those whose negligence is imputed, are precluded from obtaining indemnity." *Id.* Similarly, AWF has no obligation to pay Plaintiffs on account of Third Party Defendants' purported negligence. As such, there is no basis for AWF's claim for indemnification. Accordingly, AWF's claim for indemnification against Third Party Defendants must be dismissed.

      **B.**    **Contribution**

If the parties' liability to Plaintiffs can be apportioned, such that there are distinct injuries, then AWF has no right to contribution. Whether the parties' liability is capable of apportionment is a question of law for the court. *Voyles v. Corwin*, 441 A.2d 381, 383 (Pa. Super. 1982) (citing Restatement (Second) of Torts § 434). Pennsylvania's Uniform Contribution Among Tortfeasors Act (UCATA) provides that "[t]he right of contribution exists among joint tort-feasors." 42 Pa. Cons. Stat. § 8324. Consequently, contribution is available only among joint tortfeasors. *Kemper,* 615 A.2d at 380; *Morris*, 192 F.R.D. at 490. The UCATA further provides that "joint tort-feasors" means "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa. Cons. Stat. § 8322. Thus, in order to permit AWF's claim for contribution, we must decide whether AWF and Third Party Defendants are jointly and severally liable in tort for the same injury to Plaintiffs.

In order to determine whether defendants are separate or joint tortfeasors, courts consider several factors:

> "the identity of a cause of action against each of two or more defendants; the existence of a common, or like duty; whether the same evidence will support an action against each; the single, indivisible nature of the injury to the plaintiffs; identity of the facts as to time, place or result; whether the injury is direct and immediate, rather than consequential, responsibility of the defendants for the same injuria as distinguished from damnum."

*Voyles*, 441 A.2d at 383 (quoting Prosser, Law of Torts § 46 n.2 (1971)). With respect to situations such as the case at bar, Pennsylvania courts have rejected defendants' claims that the treating physician should be considered a joint tortfeasor. *See, e.g., Kemper*, 615 A.2d at 377 n.4; *Harka v. Nabati*, 487 A.2d 432, 434-35 (Pa. Super. 1985); *Voyles*, 441 A.2d at 383-84; *Lasprogata v. Qualls*, 397 A.2d 803, 805-06 (Pa. Super. 1979). In *Lasprogata v. Qualls*, the Superior Court of Pennsylvania advised that "[c]ase law specifically holds that a tortfeasor originally causing an injury and a physician who subsequently aggravates or causes a new injury are not joint tortfeasors." *Lasprogata*, 397 A.2d at 805. The *Lasprogata* court went on to explain:

> The acts of the original wrongdoer and the negligent physician are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff. While they are two active tortfeasors they are not actually acting "jointly" when using that term in the strict sense.

*Id.* In other words, if the original tortfeasor and physician are liable for distinct injuries to the plaintiff, they are not joint tortfeasors. *Voyles*, 441 A.2d at 383.

In this case, the reasoning of the Superior Court of Pennsylvania in *Harka v. Nabati* is of particular import. The *Harka* court recognized that

> [n]egligence alleged against a physician in a wrongful death action will necessarily involve different legal theories and defenses, different evidentiary problems, and different factual determinations than would a negligence action against a truck driver who negligently loaded his vehicle in a dangerous manner.

*Id.* at 435 (internal quotations omitted). The same is true here. As physicians and a healthcare center, Third Party Defendants owed very different duties to Brown than did AWF as the employer of the truck driver involved in the accident with Brown. Moreover, the theories of harm are distinct. Plaintiffs have alleged that the negligence of AWF and its driver caused several injuries to Brown, including a hernia. They then aver that Brown sought treatment for his injuries and ultimately died from complications of the treatment for his hernia, and that AWF is liable for Brown's death.[3] By contrast, AWF alleges that Third Party Defendants negligently performed the hernia surgery on Brown which caused injuries such as deep venus thrombophlebitis, pulmonary emboli, and death. The proof needed to establish Third Party Defendants' failure to exercise due care in treating Brown will be markedly different than the proof needed to establish AWF's negligence in connection to the motor vehicle accident. In addition, the action against AWF arises out of the motor vehicle accident between Brown and Almeida on April 6, 2002, while the action against Third Party Defendants arises out of the surgery performed on January 31, 2003. Clearly, AWF and Third Party Defendants did not cause the same injury to Brown. Therefore, we conclude that AWF and Third Party Defendants are not

---

[3] Pennsylvania has adopted § 457 of the Restatement (Second) of Torts, pursuant to which a negligent actor who is held liable for a plaintiff's bodily injury will also be subject to liability for any additional bodily harm resulting from normal efforts of third parties to treat the other's injury, regardless of whether the third parties' acts are done in a proper or negligent manner. *See Kemper*, 615 A.2d at 376; *Lasprogata*, 397 A.2d at 806; *Embrey v. Borough of W. Mifflin*, 390 A.2d 765, 772 (Pa. Super. Ct. 1978); *Shaffer v. Dep't. of Transp.*, 842 A.2d 989, 993 (Pa. Commw. Ct. 2004).

joint tortfeasors and the claim for contribution must be dismissed. *See Foulke*, 212. F.R.D. at 270 ("Where the pleadings show separate torts, rather than a joint tort, the third-party action must be dismissed.") (citing *Klotz v. Superior Elec. Prods. Corp.*, 498 F. Supp. 1099 (E.D. Pa. 1980)).

### C.    Sole Liability

AWF's claim that Third Party Defendants are solely liable to Plaintiffs must also be dismissed.  As a matter of law, under Federal Rule 14(a), a third party may be joined only on the theory that he is or may be liable to the original defendant for all or part of the plaintiff's claim against him; the original defendant cannot implead a third party claimed to be solely liable to plaintiff.  *Millard v. Mun. Sewer Auth. of Twp. of Lower Makefield*, 442 F.2d 539, 541 (3d Cir. 1971); *see also Tesch v. United States*, 545 F. Supp. 526, 529 (E.D. Pa. 1982) ("A third party defendant cannot be joined simply because that party may be solely liable to the plaintiff."). Thus, AWF's claim against Third Party Defendants to the extent that it is based on a claim of sole liability must be dismissed.

Finally, since we have concluded that there is no legitimate basis for AWF's action against Third Party Defendants, there can be no appointment of liability between the parties.  As discussed above, AWF and Third Party Defendants are not joint tortfeasors.  To the extent that AWF bases its claim against Third Party Defendants on Pennsylvania's Comparative Negligence Statute, 42 Pa. Cons. Stat. § 7102, this claim is not actionable.  The Comparative Negligence Statute permits the apportionment of liability among defendants *against whom plaintiff has recovered*.  42 Pa. Cons. Stat. § 7102.  Therefore, "apportionment may only take place among parties that are properly in the case." *Morris*, 192 F.R.D. at 491 n.11; *see also Kelly v. Carborundum Co.*, 453 A.2d 624, 627 (Pa. Super. 1982) ("[T]his statute does not provide for

apportionment among all tortfeasors causally responsible for an injury."). We have determined that AWF's claims for indemnification, contribution, and sole liability against Third Party Defendants must be dismissed. Thus, there is no basis for Third Party Defendants to be participants in this case, and liability cannot be apportioned under § 7102(b). *See Morris*, 192 F.R.D. at 491 n.11.

### IV. CONCLUSION

AWF has not established a claim against Third Party Defendants for which relief can be granted. Accordingly, we will dismiss AWF's Complaint.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLENE O. HALE, et al. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| AWF TRUCKING, INC. | : | |
| | : | NO. 04-CV-302 |
| v. | : | |
| | : | |
| LEHIGH VALLEY HOSPITAL | : | |
| AND HEALTH NETWORK, et al. | : | |

## **ORDER**

AND NOW, this 12th day of December, 2005, upon consideration of the Motion To Dismiss filed by Third Party Defendants Lehigh Valley Hospital and Health Network and Steven J. Thomas, M.D. (Doc. No. 23), Third Party Defendant Peter F. Rovito, M.D.'s Joinder To Co-Third Party Defendants' Motion To Dismiss (Doc. No. 28), and all papers submitted in support thereof and in opposition thereto, it is ORDERED that Third Party Defendants' Motion is GRANTED.  The Complaint Of Defendant AWF Trucking, Inc. Against Third Party Defendants (Doc. No. 15) is DISMISSED.

IT IS SO ORDERED.

BY THE COURT:

S:/R. Barclay Surrick, Judge